**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SANDRA PARSONS,

               Plaintiff,

vs.                                                                                        Case No.  3:11-cv-65-J-JRK

MICHAEL ASTRUE,
Commissioner of Social Security,

               Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Sandra Parsons ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of arthritis, a neck injury, problems with her right knee, depression, and chronic obstructive pulmonary disease. See Transcript of Administrative Proceedings (Doc. No. 14; "Tr."), filed June 13, 2011, at 39, 134, 188. On May 19, 2008, Plaintiff filed applications for DIB and SSI, alleging an onset date of March 20, 2008. Tr. at 104-10. Plaintiff's applications were denied initially, see Tr. at 44-45, and were denied upon reconsideration, see Tr. at 46-47, 52-53.

On October 27, 2009, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert testified. Tr. at 31-43. The ALJ issued a Decision on December 11, 2009, finding Plaintiff not disabled through the date of the Decision. Tr. at 17-

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 22), filed September 19, 2011; Order of Reference (Doc. No. 23), entered September 20, 2011.

26. On November 23, 2010, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 21, 2011, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one issue on appeal. See Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. No. 20; "Pl.'s Mem."), filed September 12, 2011. Plaintiff frames the issue as follows: "Did the [ALJ] err when he failed to include [Plaintiff's] limitations in her ability to reach with her upper extremities in his ultimate residual functional capacity?" Pl.'s Mem. at 1. After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy.

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-26. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since March 20, 2008, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: status post cervical fusion with neck pain and status post right knee surgery." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined Plaintiff "has the residual functional capacity [("RFC")] to perform the full range of light work as defined in 20 CFR 404.1567(b)." Tr. at 21 (emphasis omitted). At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a truck driver and waitress. This work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 24 (emphasis and citation omitted). Because the ALJ found Plaintiff could perform past relevant work, he only proceeded to step five as an alternative finding. The ALJ indicated that "[i]n the alternative, considering [Plaintiff's] age, education, work experience, and [RFC], there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform." Tr. at 25 (citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from March 20, 2008, through the date of th[e D]ecision." Tr. at 26 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

As noted above, Plaintiff raises one issue on appeal: Whether the ALJ erred by failing to include Plaintiff's limitations in her ability to reach with her upper extremities in the RFC. Pl.'s Mem. at 1. Specifically, Plaintiff contends the ALJ did not properly consider the opinions

of Timothy J. McCormick, D.O., M.P.H., an examining physician; Donald Morford, M.D., a nonexamining physician; and Audrey Goodpasture, M.D., a nonexamining physician. See id. at 8-10. Plaintiff claims that each of these physicians recognized Plaintiff has limitations in overhead reaching, yet the ALJ failed to include such limitations in the RFC. Id. at 8-9. Plaintiff further asserts that because the RFC was flawed, the ALJ also erred in relying on the flawed RFC to determine Plaintiff can perform her past relevant work. Id. at 10-13. The Commissioner counters by arguing that "[s]ubstantial evidence supports the ALJ's decision to discount the statements by Dr. McCormick and the state agency medical consultants[3] that Plaintiff may have an additional limitation on reaching or working at shoulder level." Memorandum in Support of the Commissioner's Decision (Doc. No. 25; "Def.'s Mem."), filed November 14, 2011, at 11. The Commissioner does not address Plaintiff's contention regarding the finding that Plaintiff can perform her past relevant work "[b]ecause the [Commissioner] fully defends the ALJ's RFC determination." Def.'s Mem. at 5 n.2.

### A. Relevant Facts

Dr. McCormick, an examining physician, examined Plaintiff on August 7, 2008 for the purpose of completing a Social Security Consultative Report. Tr. at 398. Dr. McCormick indicated Plaintiff has full range of motion and full strength in her upper extremities. Tr. at 400. However, in the summary section of the report, Dr. McCormick noted as follows:

> [Plaintiff] has decreased motion and consistent complaints of neck pain that extends into the right upper arm. She may be limited in performing work activities at shoulder level and/or above. She may also be limited in performing repetitive hand type activities. . . . [S]he probably has lifting and carrying abilities of a light level.

---

[3] The state agency medical consultants are Drs. Morford and Goodpasture.

Tr. at 401.

Dr. Morford, a nonexamining physician, completed a Physical Residual Functional Capacity Assessment on September 4, 2008. Tr. at 432-39. Dr. Morford indicated Plaintiff may occasionally lift and/or carry (including upward pulling) twenty pounds, and she may frequently lift and/or carry (including upward pulling) ten pounds. Tr. at 433. He opined Plaintiff is limited in reaching in all directions including overhead, and he specifically explained Plaintiff is limited to "[o]ccasional to frequent overhead use." Tr. at 435. Dr. Morford recognized that Plaintiff's "symptoms appear to be improving following her 03/20/2008 surgery."[4] Tr. at 437.

Dr. Goodpasture, a nonexamining physician, completed a Physical Residual Functional Capacity Assessment on November 3, 2008. Tr. at 463-70. Similar to Dr. Morford, Dr. Goodpasture indicated Plaintiff may occasionally lift and/or carry (including upward pulling) twenty pounds, and she may frequently lift and/or carry (including upward pulling) ten pounds. Tr. at 464. Dr. Goodpasture also recognized Plaintiff is limited in reaching in all directions, and Dr. Goodpasture made the following notation: "NO OH BL due to neck pain and LOM." Tr. at 466. While this notation is not explained by Dr. Goodpasture,

---

[4] The referenced surgery was an "[a]nterior cervical diskectomy and spondylectomy at C5-6 and C6/7" performed by Kaveh M. Barami, M.D. Tr. at 369-70; see also Tr. at 351. Dr. Barami performed this surgery because Plaintiff was "having cervical axial pain secondary to spondylosis at C5-C6 and C6-C7 and [Plaintiff] ha[d] been unresponsive to conservative measures." Tr. at 353. Shortly after this surgery, on April 8, 2008, Dr. Barami noted Plaintiff "has had significant improvement in her radicular symptoms." Tr. at 379. On June 20, 2008, Plaintiff reported to Dr. Barami that she still had "neck pain with radiation to the right shoulder and the right upper extremity." Tr. at 559. Dr. Barami recommended Plaintiff engage in a physical therapy regimen. Tr. at 559. There are no records showing whether Plaintiff underwent physical therapy.

Plaintiff suggests the notation means Plaintiff "could not perform any overhead reaching with both of her arms." Pl.'s Mem. at 8 (citing Tr. at 466).

### B. Applicable Law

In determining an individual's RFC, an ALJ "must consider limitations and restrictions imposed by all of an individual's impairments . . . ." SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that, "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citation omitted). Here, Plaintiff's only assignment of error relating to the ALJ's RFC assessment is with the ALJ's treatment of the opinions of Drs. McCormick, Morford, and Goodpasture regarding Plaintiff's alleged limitations in her ability to reach with her upper extremities.

The Regulations establish a "hierarchy" among medical opinions[5] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of nonexamining physicians[;] treating physicians'[] [opinions] are given more weight than [nontreating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of nonspecialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919,

---

[5] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

923 (11th Cir. 2006) (unpublished) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). Examining physicians' opinions are not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Nevertheless, an ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

### C. Analysis

In the ALJ's Decision, the ALJ addressed each of the above physicians' opinions.[6] See Tr. at 24. The ALJ recognized Dr. McCormick's opinion that Plaintiff "may be limited to performing work activities at the shoulder level and/or above; she may be limited in performing repetitive hand type activities; and she probably has lifting and carrying abilities of a light level." Tr. at 24 (citing Tr. at 397-409). The ALJ found, however, that Dr.

---

[6] The ALJ refers to Dr. McCormick by name, but only refers to Drs. Morford and Goodpasture as "State agency medical consultants." Tr. at 24. Based on the ALJ's citations to Exhibits 10F (report completed by Dr. Morford) and 13F (report completed by Dr. Goodpasture) and his summary of those exhibits, it is clear the ALJ is referring to Drs. Morford and Goodpasture.

McCormick's opinion regarding those limitations "is vague and [it] does not clearly specify what restrictions [Plaintiff] does or does not have." Tr. at 24.  The ALJ assigned "little weight" to the portion of Dr. McCormick's opinion that "is more restrictive than the assessed [RFC] . . . as those restrictions are not consistent with the medical evidence of record or supported by the record as a whole." Tr. at 24.  However, the ALJ assigned "significant weight" to Dr. McCormick's finding that Plaintiff can perform light work, because the ALJ determined Dr. McCormick's finding is consistent with the ALJ's RFC assessment and "supported by the record . . . ." Tr. at 24.

The ALJ further discussed Dr. McCormick's opinion in his analysis of Plaintiff's credibility.  See Tr. at 22.  The ALJ analyzed Dr. McCormick's findings as follows:

> Dr. McCormick reported that [Plaintiff] had normal grip strength and dexterity and full range of motion and strength in all extremities. . . .  However, Dr. McCormick noted that [Plaintiff] demonstrated reduced range of motion of the cervical spine.  Dr. McCormick's findings simply do not support the extent of the limitations [Plaintiff] alleges.  Further, the record does not contain any other objective findings by treating or examining sources, or any imaging studies performed since [Plaintiff's] surgery, which would corroborate [Plaintiff's] alleged limitations.

Tr. at 22 (citing Tr. at 397-409).

As to the opinions of Drs. Morford and Goodpasture, the ALJ noted both opinions "are consistent with a reduced range of light work." Tr. at 24 (citing Tr. at 432-39 (report completed by Dr. Morford), 463-70 (report completed by Dr. Goodpasture)). The ALJ assigned "significant weight to the portion of the opinions that restrict[ Plaintiff] to light work, for the reasons listed above.  However, the [ALJ gave] little weight to the additional restrictions, as they are not consistent with the medical evidence of record or supported by the record as a whole." Tr. at 24.

-9-

The undersigned first notes that when assigning weight to the opinions of Drs. McCormick, Morford, and Goodpasture, the ALJ did not cite to or reference any specific medical evidence of record, other than the physicians' own opinions. However, earlier in his Decision, the ALJ detailed Plaintiff's medical history, Plaintiff's testimony at the hearing, and the medical evidence of record. See Tr. at 21-23. The ALJ stated that he considered all of Plaintiff's symptoms, the objective medical evidence of record, and the opinion evidence in the record. Tr. at 21. After reviewing the ALJ's Decision as a whole and considering the entire record, the undersigned finds the ALJ's Decision is supported by substantial evidence.

Regarding the opinion of examining physician Dr. McCormick, the ALJ determined that "Dr. McCormick's opinion is vague and does not clearly specify what restrictions [Plaintiff] does or does not have." Tr. at 24. The ALJ detailed the weight assigned to Dr. McCormick's opinion, and the ALJ articulated specific reasons for rejecting certain portions of Dr. McCormick's opinion. See Tr. at 24.[7] The ALJ properly considered Dr. McCormick's opinion, and substantial evidence supports the ALJ's reasoning.

As to the opinions of the nonexamining physicians, Drs. Morford and Goodpasture, the ALJ discredited portions of their opinions because he found those portions were not supported by the evidence of record. Tr. at 24. The ALJ clearly considered these opinions, and in doing so, determined they were not supported. See Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 873 (11th Cir. 2011) (unpublished) (discussing how an ALJ is required to

---

[7] Although the ALJ did not directly find Dr. McCormick's opinion to be internally inconsistent, the ALJ's summary of Dr. McCormick's report implies such a finding. First, Dr. McCormick indicated Plaintiff has full range of motion, Tr. at 400, but then he noted Plaintiff "has decreased motion," "she may be limited in performing work activities at shoulder level and/or above," and "she probably has lifting and carrying abilities of a light level," Tr. at 401 (emphasis added).

analyze medical opinions from treating physicians and nonexamining physicians, and recognizing "[t]he weight due to a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence") (internal quotations and citations omitted); Poellnitz v. Astrue, 349 F. App'x 500, 502 (11th Cir. 2009) (unpublished) (finding that "[t]he weight to be given a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence") (citing 20 C.F.R. § 404.1527(d)(3)-(4)).  Here, the ALJ's assignment of weight to these opinions is supported by substantial evidence.

In sum, Plaintiff's assignment of error deals entirely with the opinions of Drs. McCormick, Morford, and Goodpasture and their imposition of a limitation on Plaintiff's ability to reach with her upper extremities.  Although Plaintiff argues that "the medical evidence of record and [the] record as a whole clearly support[] a determination that [Plaintiff] experiences limitations in her ability to reach," Pl.'s Mem. at 9, Plaintiff fails to cite to any objective medical evidence supporting that assertion, and upon review of the record, the undersigned has found none.[8]

---

[8] The only other information in the record that remotely addresses a reaching limitation is a form completed on November 1, 2008 by Julia Moore, who appears to be a disability adjudicator with the Social Security Administration.  Tr. at 200-03.  Ms. Moore indicated Plaintiff could not perform her past work as a waitress in the capacity which Plaintiff actually performed that work due to Plaintiff's "reaching limitations."  Tr. at 201.  Ms. Moore's determination is not addressed by either party, and it does not appear to be a "medical opinion" due any weight.  Consistent with the ALJ's RFC assessment, however, Ms. Moore opined Plaintiff could perform light work.  Tr. at 202.

## V. Conclusion

The ALJ properly considered the medical opinions of Drs. McCormick, Morford, and Goodpasture. After a thorough review of the record, the undersigned is convinced that the Commissioner's final decision is supported by substantial evidence.

After due consideration, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on April 24, 2012.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:
Counsel of record